FILED
United States Court of Appeals
Tenth Circuit

December 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HUBERT WARREN,

      Petitioner - Appellant,

v.

NO NAMED RESPONDENT,

      Respondent - Appellee.

No. 13-1386
(D.C. No. 1:13-CV-02229-LTB)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner-Appellant Hubert Warren, a pro se inmate in a Texas detention facility, seeks to appeal from the denial of his petition for habeas corpus relief arising from his conviction in Texas state court. 28 U.S.C. § 2254. We deny a certificate of appealability ("COA") and dismiss the appeal.

Mr. Warren filed a petition for habeas relief in the district court challenging the validity of his state conviction and sentence. Because Mr. Warren did not name a respondent in his petition, the district court determined that the proper respondent was the warden of the Texas state prison in which Mr. Warren is incarcerated. The court held that it did not have jurisdiction over the Texas warden and thus did not have jurisdiction over Mr. Warren's claims. It declined

to transfer the action to a court where the petition could have been brought because of Mr. Warren's four prior unsuccessful federal habeas corpus actions challenging the validity of the same conviction and sentence. See Warren v. Quarterman, No. 3-07-CV-0849-N, 2007 WL 1609821, at \*1 (N.D. Tex. June 4, 2007).

We may issue a COA only if Mr. Warren makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may accomplish this by showing that reasonable jurists could debate whether the petition should have been resolved differently or that the issues deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court dismisses the petition on procedural grounds and does not reach the merits of the underlying constitutional claims, the inmate must make a threshold showing that the district court's procedural ruling is reasonably debatable. Id.

On appeal, Mr. Warren argues that the district court failed to consider the merits of the arguments raised in his petition, that the court did not allow him a chance to amend his petition, and that he had the right to file a writ of error coram nobis. Mr. Warren has not made any argument as to the district court's ruling on jurisdiction or its refusal to transfer his case. As such, he has failed to show that reasonable jurists could debate the resolution of his petition. Id.

The district court's conclusion that it can only grant habeas relief within its jurisdiction, 28 U.S.C. § 2241(a), and that to do so it must have jurisdiction over

the plaintiff's custodian, <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 442 (2004), is not reasonably debatable. Because Mr. Warren has provided no evidence of the Texas warden's connection to the state of Colorado, the district court's conclusion that it did not have jurisdiction over the warden also is not debatable.

Similarly, the district court's exercise of its discretion concerning the transfer of Mr. Warren's petition is not reasonably debatable. Given Mr. Warren's considerable federal habeas litigation history, the district court was well within its discretion in concluding that transferring another successive action to the Northern District of Texas would not further the interests of justice. <u>See</u> 28 U.S.C. § 1631.

For these reasons, we DENY a COA, DENY IFP status, and DISMISS the appeal. Mr. Warren is directed to immediately pay the outstanding balance of the filing fee for his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge